IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Harleyville Preferred Insurance Company,<br><br>                   Plaintiff,<br><br>vs.<br><br>Charles McGuffin, Gloria McGuffin, and Chris McGuffin,<br><br>                   Defendants. | Civil Action No. 8:17-cv-428-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the plaintiff's motion for summary judgment (doc. 37). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters involving litigation by individuals proceeding *pro se* and submit findings and recommendations to the district court. In this case, the defendants are proceeding *pro se.*

       The plaintiff Harleyville Preferred Insurance Company (hereafter "Harleyville") filed this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, seeking a declaratory judgment that it has no defense or indemnification obligations to defendant Chris McGuffin under its homeowner's policy issued to Charles and Gloria McGuffin. Policy coverage for Charles and Gloria McGuffin is not contested here.

## FACTS PRESENTED

       Charles and Gloria McGuffin are the grandparents of Chris McGuffin, who resides with them in Oconee County, South Carolina. In 2012, Harleyville issued a homeowner's policy to Charles and Gloria effective through October 28, 2013. The policy insures for "occurrences" that result in bodily injury, obligating Harleyville to pay up to the policy limit for which the insured is legally liable, and to provide a legal defense to the

insured if suit is filed against the insured (doc. 37-2, pp. 1, 2, and 10). The relevant provisions of the policy regarding coverage are as follows:

> **Section II - Liability Coverage, Paragraph A. Coverage E**
> **If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which coverage applies, we will [provide coverage].**
>
> **Definitions Section Paragraph 5**
> **"Insured" means**
> **a. You and residents of your household who are:**
> **(1) Your relatives**
>
> **Definitions Section Paragraph 8**
> **"Occurrence" means an accident . . . which results . . . in "[b]odily injury."**
>
> **Definitions Section Paragraph 2**
> **"Bodily injury" means bodily harm**

(*Id.*, pp. 14-17). The policy also contains the following relevant provision regarding coverage exclusion:

> **Section II - Liability Coverage, Paragraph E**
> **[Personal liability coverage does not apply] to the following:**
> **1. Expected or Intended Injury**
> **"Bodily injury" ... which is expected or intended by an insured.**

(*Id.*, p. 26).

In July 2016, Chris McGuffin was named in a lawsuit (C/A No. 2016-CP-37-401) filed in the Oconee County Court of Common Pleas by Aaliyah Henderson, alleging that Chris and other minor defendants sexually assaulted her at a high school party at an area residence on October 12-13, 2013, resulting in her injury (doc. 37-3, pp. 2-9). The complaint also named a minor co-defendant's legal guardian, the owner of the residence, for failing to provide supervision and prevent the sexual assault. The complaint was thereafter amended, adding as defendants the legal guardians of all of the named minor defendants, and re-structuring the pleading into two causes of action: (1) a claim entitled

"Sexual Assault", directed at the minor defendants, including Chris, for intentional sexual assault and battery, but also containing allegations apparently directed at all of the defendants for generally failing to exercise care to prevent the attack from occurring, and (2) a stand-alone untitled claim, directed at all of the legal guardians, including Charles and Gloria, for failure to provide supervision and to intervene to prevent the attack (doc. 37-3, pp. 10-19).

Charles and Gloria notified Harleyville of the Henderson suit filed against them and Chris, seeking coverage under their homeowner's policy. Harleyville now seeks a declaratory judgment from this court that it is not obligated to provide coverage for Chris here, as the conduct alleged against him in the Henderson suit was intentional, and not an accidental or negligent "occurrence," as set forth in the homeowner's policy.

In response to Harleyville's motion for summary judgment, the McGuffins each filed a nearly identical response in opposition, stating: "We do not dispute the fact that the insurance company will not cover intentional sexual assault and intent to do harm to the victim, but these are just allegations in this case." (docs. 40, 41, and 42).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In a declaratory judgment action, the insurance company's obligation to defend and indemnify is determined by the allegations of the complaint. *Bankers Ins. Co. v. Russell,* C/A No. 2:08-2061-MBS, 2009 WL 1162636, at *4 (D.S.C. April 28, 2009) (citing *Mfg. and Merchs. Mutual Ins. Co. v. Harvey*, 498 S.E.2d 222, 227 (S.C. Ct. App.1998)). The Henderson amended complaint's first cause of action, comprised at the outset by paragraphs 14 - 26, alleges that Chris committed the sexual assault and battery against the minor victim after she was given drugs and alcohol at an unsupervised teenage party and "had a bad reaction". She was then raped and left in a bathroom, then later put in bed. She further alleges that one or more of the named five minor defendants inserted a tampon so deep in her vagina that it required removal by a doctor. Ms. Henderson alleges that she was "assaulted, sexually assaulted, beaten, and ruined physically" by these minor

4

defendants, and alleges that when she awoke after the attack, she was wearing different clothes and had abrasions on her forehead and swelling of her eyelids where she had been beaten. As a result, Ms. Henderson alleges that she had pain and suffering, and incurred substantial medical expenses (doc. 37-3, ¶¶ 14-26). The acts alleged are obviously intentional conduct, and despite the amended complaint's choice of broad general pleading language in paragraph 27, cannot be categorized as negligent conduct. Indeed, Henderson makes clear at the outset in paragraph 27 that her claims against Chris and the other minor defendants are the result of their "intentional acts and omissions". To the extent that some sub-paragraphs of paragraph 27 invoke theories of negligence, they can only apply to the legal guardian defendants rather than the minor defendants; to read otherwise would create a contradiction that the plaintiff in the Henderson case specifically did not intend when she alleged that her injuries were caused by the "intentional acts and omissions" of Chris and the other minor defendants.

The policy's relevant provisions set forth above expressly include coverage for bodily injury caused by an occurrence or accident (negligence) and expressly exclude coverage for bodily injury that was expected or intended by the insured. Because Henderson has alleged that Chris injured her with the intentional act of sexual assault, and not by any accidental conduct or negligence, the policy does not provide coverage for Chris, and accordingly Harleyville has no contractual obligation to defend or indemnify him in the Henderson proceedings.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for summary judgment (doc. 37) be granted.

IT IS SO RECOMMENDED.

| | |
|---|---|
| October 4, 2017 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |